UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL A. MILLER,

       Plaintiff,

       v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

Civil No. 06-1246-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

      Plaintiff Michael Miller seeks judicial review of a final decision denying her application for disability insurance benefits and supplemental social security income. Defendant admits that the Administrative Law Judge (ALJ) committed numerous errors in his analysis of plaintiff's case, and has moved for a remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff agrees that the ALJ erred, but seeks a remand for payment of benefits.

1  - OPINION AND ORDER

Sentence four provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" and is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (quoting 42 U.S.C. § 405(g) and citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)). Whether to remand under sentence four for an award of benefits, or for further proceedings, is a matter of judicial discretion. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). The decision turns upon the likely utility of further proceedings. *Id.* at 1179. Such a remand is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

Defendant argues that further proceedings are necessary to determine whether plaintiff's alcohol and drug abuse were contributing factors to a possible finding of disability. This argument is based the evaluations of Dr. Tom Dooley in March 2002 and 2003. In 2002, Dr. Dooley noted that plaintiff had a history of drug abuse, but had been in treatment for the last six months. Transcript of Record (hereinafter "Tr.") 224. In 2003, plaintiff reported that she had used methamphetamine and alcohol in the weeks preceding her visit with Dr. Dooley. Tr. 387. Dr. Dooley stated that "[h]er prognosis for employment at this time appears to be poor until her polysubstance and alcohol abuse is mediated." Tr. 387. Dr. Caleb Burns evaluated plaintiff in March 2004 and found that she was unable to work. He further opined that she "is not seen to be employable in any competitive work setting even if she does refrain from substance abuse over the next twelve months." Tr. 450. This finding was echoed by her treating physician Dr. James

Thayer in May 2004, when he agreed with Dr. Burns and explained that plaintiff's "mental health impairments make her unable to work for at least the next twelve months. Her mood swings especially keep her from being able to function in a work environment." Tr. 491. Plaintiff also offered testimony that she had not used alcohol or drugs since the episode prior to her 2003 visit with Dr. Dooley and that she was actively participating in treatment programs. Tr. 501.

It is clear from the record that the ALJ must find the claimant disabled after crediting the evidence in question, and additional proceedings are unnecessary to determine plaintiff's entitlement to benefits. The record is fully developed, and further proceedings "would serve no useful purpose." *See Lester*, 81 F.3d at 834 (if evidence that was improperly rejected demonstrates that claimant is disabled, court should remand for payment of benefits).

Based on the foregoing, this court concludes that under the applicable standards, after giving the evidence in the record the effect required by law, plaintiff is unable to engage in any substantial gainful activity by reason of her impairments, and she is disabled under the Act beginning in September 2001. Accordingly, the decision of the Commissioner is reversed, and this case is remanded to the Commissioner for the calculation and award of benefits to plaintiff Michael Miller.

IT IS SO ORDERED.

DATED this  22   day of February, 2008.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge

3   - OPINION AND ORDER